IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FREDRIC HAYWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17 C 4899 |
| ) | |
| GENE BEASLEY, Warden, ) | |
| FCI – Forrest City, and ) | |
| LISA MADIGAN, Illinois Attorney General, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

On December 27, 2012, after pleading guilty in state court to charges relating to his participation in a mortgage fraud scheme, Frederic Haywood was sentenced by a state court judge. Haywood argues his attorney in that case rendered ineffective assistance of counsel in allowing the sentencing to go forward on that date. He contends that there was an understanding that he was not to be sentenced in state court until after he was sentenced on related federal charges but that his attorney allowed the state-court sentencing to go forward despite this. Haywood contends that as a result, the sentence later imposed in the federal case was longer than it would have been if the sentencing proceedings had occurred in the agreed-upon sequence.

## Background

Between 2002 and 2007, Haywood participated in a scheme to provide fraudulent mortgage applications to banks and profit from the resulting loans. The

federal charge against Haywood alleges that he "fraudulently obtained in excess of $10 million in mortgage loan proceeds from mortgage lenders by submitting loan applications and supporting loan documents containing materially false and fraudulent statements." Ex. F at 35-36 (federal indictment).[1] After federal and state grand juries each indicted Haywood on charges arising from his participation in this scheme, he pled guilty to federal charges in April 2012 and state charges in August 2012. Haywood was represented by different attorneys in the federal and state proceedings.

Haywood contends the attorney in the state-court case botched an agreement with the prosecution to defer his state sentencing until after the federal sentencing. The sequence of the sentencing hearings was significant because the imposition of a sentence in Haywood's state-court case would increase Haywood's criminal history score under the federal Sentencing Guidelines. In short, a more extensive criminal history could lead to a longer federal sentence.

On November 8, 2012, Haywood's attorney told the state judge that Haywood would be sentenced in federal court on December 14, 2012. Ex. M at 204 (Nov. 8, 2012 transcript). Although this was true at the time, on the day before the federal sentencing was set to take place, the federal judge presiding over the case continued it to a later date—at Haywood's request because his attorney in that case needed more time (Haywood was present in court when this took place). *United States v. Haywood*, Case No. 08 C 1023-2, dkt. nos. 267, 273 (N.D. Ill.). Thus on December 27, 2012, when the state court sentenced Haywood to twelve years in prison, it acted before the federal court imposed a sentence. Ex. M at 219 (Dec. 27, 2013 transcript). Indeed, the federal

---

[1] The Court uses the ECF numbering, as many of the exhibits contain multiple documents with inconsistent numbering.

2

court did not impose a sentence until December 10, 2013. *Haywood*, Case No. 08 C 1023-2, dkt. no. 285.

The impact of the state sentences upon Haywood's federal sentence is unclear. Several months after state sentencing, the federal officer tasked with compiling Haywood's presentence report added the new sentences to the report. *See* Ex. F at 92 (Statement of Correction). Based on this modification, the corrected report recommended a higher Sentencing Guidelines range. *Id.* Yet Judge Guzman, who issued Haywood's federal sentence, stated that "if the guideline range is found to be improperly calculated the sentence would remain the same, because the sentence is based upon the Court's consideration of the §3553 factors." Habeas Mem. at 18 (Statement of Reasons). Judge Guzman sentenced Haywood to 151 months and later reduced this to 145 months. *Haywood*, Case No. 08 C 1023-2, dkt. no. 390.

Haywood filed both direct and post-conviction appeals. On direct appeal, Haywood argued the trial court did not adequately warn him of certain procedural steps required before he could appeal his conviction. Ex. B at 1 (direct appeal brief). The Illinois Appellate Court dismissed Haywood's appeal. *People v. Haywood*, 2015 IL App (1st) 130859-U. The Illinois Supreme Court denied his petition for leave to appeal (PLA). Ex. E at 1 (direct appeal PLA and order).

While his direct appeal was pending, Haywood filed a post-conviction petition, alleging his trial attorney provided ineffective assistance by failing to delay the state sentencing. Ex. H at 1 (post-conviction brief). Haywood argued that the state court wrongly relied upon evidence outside the record to deny his ineffective assistance of trial counsel claim. *Id.* at 11. The trial court denied his post-conviction petition, and the

Illinois Appellate Court affirmed. *People v. Haywood*, 2017 IL App (1st) 142949-U. The appellate court held that Haywood could not present a colorable ineffective assistance claim, even if the contested evidence outside of the record was not considered. *Id.* ¶¶ 14-15. The court noted that Haywood's attorney successfully delayed the plea and sentencing for months. *Id.* ¶ 15. The court also noted that Haywood was aware of the possible consequences in federal court, but willingly proceeded to sentencing in state court before the federal court sentenced him. *Id.* Haywood filed a PLA on the same ground, which the Illinois Supreme Court denied. Ex. K at 1 (post-conviction PLA and order).

## Discussion

**I.     Timeliness**

Haywood filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. A section 2254 motion must be brought within a one-year period of limitation that runs from the latest of four dates listed in 28 U.S.C. § 2244(d)(1). The only date relevant to Haywood's petition is "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." *Id.* § 2244(d)(1)(A).

Haywood was sentenced on December 27, 2012. Ex. M at 207 (Transcript for Dec. 27, 2017). He filed a notice of appeal on January 24, 2013, Ex. L at 9 (state docket), and a PLA that was denied on May 25, 2015. Ex. E at 1 (direct appeal PLA and order).

Respondents contend that Haywood's limitation period expired while he tried to seek direct review because he did not comply with procedural prerequisites under state law for appealing a conviction after pleading guilty. Resp. Br. at 8. For this reason,

respondents contend, the habeas corpus statute of limitations kept running during the pendency of Haywood's direct appeal. *Id.* But respondents cite no cases supporting this proposition. *Id.* And as the plain text of the statute makes clear, the one-year limitations period began to run on "the date on which the judgment became final by the conclusion of direct review," 28 U.S.C. § 2244(d)(1)(A), which did not occur until the petitioner's PLA was denied. Ex. E at 1 (direct appeal PLA and order). Haywood filed a timely notice of appeal, and his case was pending on direct review at all times through May 25, 2015. Nothing in the statute suggests that the time that a criminal conviction is on direct appeal tolls the statute only if the direct appeal has been "properly filed," in contrast to the parallel provision tolling the statute during the time that a "properly filed" state post-conviction petition is pending. *See* 28 U.S.C. § 2244(d)(2). In short, the time for Haywood to file a federal habeas corpus petition did not begin to run until his direct appeal was concluded by the denial of his PLA.

Haywood's petition is timely, as the limitation period was tolled by his filing of a state post-conviction petition on April 29, 2014, while the case was still pending on direct appeal. "The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation." *Id.* As a result, the one-year limitations period was tolled until the end of post-conviction review, May 24, 2017. Ex. K at 1 (Order denying post-conviction PLA). Haywood's habeas corpus petition, filed on June 22, 2017, is therefore timely .

**II.     Analysis**

A habeas corpus petitioner is entitled to relief if an underlying state judgment "resulted in a decision that was contrary to, or involved an unreasonable application of,

5

clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Haywood contends his attorney rendered ineffective assistance in violation of the Sixth Amendment. To prevail on his claim, Haywood must demonstrate (1) objectively unreasonable performance and (2) resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Haywood contends the state court that reviewed his post-conviction petition unreasonably applied *Strickland* when it concluded that his attorney had not performed in an objectively unreasonable manner by failing to further continue his state sentencing hearing so that it would take place after his federal sentencing. Habeas Mem. at 4.

To demonstrate the attorney rendered "objectively unreasonable" performance, Haywood must show his attorney's performance "fell outside the wide range of competent representation" permitted under the Sixth Amendment. *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011). But "[e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citations omitted).

In affirming the dismissal of Haywood's post-conviction petition, the state appellate court stated it was evaluating his argument under the "objectively unreasonable" performance element of *Strickland*. *Haywood*, 2017 IL App (1st) 142949-U ¶ 13. The state appellate court correctly described the *Strickland* performance standard, and it did not unreasonably apply that standard. The court relied on three points to conclude the attorney's representation was not deficient. First,

6

counsel's failure to further continue the state-court sentencing did not violate any right to which Haywood was legally entitled. *Haywood*, 2017 IL App (1st) 142949-U ¶ 15. Second, the attorney's decision occurred after nearly two years in which he *had* continued the state-court sentencing. *Id.* The Court notes that Haywood's federal sentencing hearings were being continued alongside his state sentencing hearings, *see, e.g., United States v. Haywood*, No. 08 C 1023-2, dkt. no. 267 (Motion to Continue Sentencing Hearing), so Haywood's attorney reasonably could have concluded that the continued delays of state sentencing were no longer productive. Finally, Haywood himself was aware of the possible federal sentencing consequences but still agreed to allow the state-court sentencing to proceed. *Haywood*, 2017 IL App (1st) 142949-U ¶ 15. As the appellate court stated, "we cannot conclude defense counsel was deficient for permitting defendant to proceed to sentencing *after fully informing him of the potential enhanced sentence in federal court*." *Id.* (emphasis added). The Court concludes that Illinois Appellate Court's application of *Strickland* to Haywood's counsel's conduct is supported by adequate reasoning. Because Haywood's *Strickland* claim fails on the unreasonable performance element, the Court does not consider the prejudice element. *Strickland*, 466 U.S. 697 ("there is no reason for a court . . . to address both components of the inquiry if the defendant makes an insufficient showing on one.").

For these reasons, the Court denies Haywood's petition.

## Conclusion

For the foregoing reasons, the Court denies Haywood's petition for writ of habeas corpus [dkt. no. 1]. The Court declines to issue a certificate of appealability, concluding that Haywood has not made "a substantial showing of the denial of a constitutional

7

right," 28 U.S.C. § 2253(c)(2), as reasonable jurists would not dispute that the Illinois Appellate Court's application of *Strickland* was reasonable. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

                                                          _____
                                                             MATTHEW F. KENNELLY
                                                             United States District Judge

Date: February 5, 2018